IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN J. WILLEVER (AS TRUSTEE) ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> GMAC MORTGAGE, LLC ) <br> D/B/A DITECH, ) <br> ) <br> Defendant. ) | CIVIL ACTION FILE <br><br> NO. _____ |

## NOTICE OF REMOVAL

TO:   THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF GEORGIA, ATLANTA DIVISION

Defendant GMAC Mortgage, LLC, misnamed and misidentified in Plaintiff's Complaint as GMAC Mortgage, LLC d/b/a DiTech ("GMAC"), without waiving, and instead specifically preserving any defenses, including lack of personal jurisdiction and insufficiency of process and service of process, hereby files this Notice of Removal pursuant to 28 U.S.C. §§ 1441 *et seq*. showing this Honorable Court as follows:

1.   Plaintiff filed a pro-se Complaint in the Superior Court of Cobb County, State of Georgia, on January 11, 2012, styled *Brian J. Willever (As Trustee) v. A Parcel Of Land Being Known As 2855 Betula Drive, Austell, GA 30106, and As Their Interests May Appear GMAC Mortgage, LLC D/B/A Ditech*,

2351498v2

Civil Action File No. 12-1-00336-05.  True and correct copies of the Complaint and all other papers on file are appended hereto as **Exhibit A**.

2.     Plaintiff himself personally delivered a copy of the Complaint to GMAC's registered agent for service on January 12, 2012. [Entry of Service, Exhibit A at p. 9].  No Summons was delivered with the Complaint, nor does it appear that a Summons has been issued by the Clerk of Superior Court of Cobb County.  Effective service of the Summons and Complaint has not been accomplished, and GMAC reserves, and does not waive, it defenses of insufficiency of process and insufficiency of service of process.  This Notice is filed within 30 days of the date the Complaint was filed, and Removal therefore is timely under 28 U.S.C. § 1446(b).

**Federal-Question Jurisdiction Exists.**

3.     The above-described action is one of which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1331 in that Plaintiff asserts claims arising under the Real Estate Settlement Procedures Act, 12 U.S.C. §§ 2601 *et seq*. [Complaint, ¶ 10, Exhibit A at p. 2]  Therefore, this action may be removed to this Court pursuant to the provisions of 28 U.S.C. § 1441 in that it is a civil action wherein Plaintiff's claims arise under the laws of the United States.

4.     To the extent that GMAC understands the nature of Plaintiff's remaining claims, those claims form part of the same case or controversy, and this

Court therefore has supplemental jurisdiction over any such state law claims pursuant to 28 U.S.C. § 1367.

**Diversity Jurisdiction Exists.**

5. This Court also has jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

6. Upon information and belief, both at the time the Complaint was filed and at the time of filing this Notice of Removal, Plaintiff has been a citizen of the State of Georgia. [Exhibit A at pp. 5, 9]

7. At the time the Complaint was filed and at the time of filing this Notice of Removal, Plaintiff GMAC has been a limited liability company with no members considered citizens of the State of Georgia.

8. The Complaint in essence seeks to enjoin GMAC's foreclosure of real property located at 2855 Betula Drive, Austell, GA 30106 (the "Property"), and to "award equitable clean title" to the Property, or in the alternative to award damages to Plaintiff. The Complaint is insufficient on its face as an action to quiet title under either O.C.G.A. §§ 23-3-40, *et seq* or O.C.G.A. §§ 23-3-60, *et seq*. Among other things, the Complaint is not verified. Further, the Complaint does not contain a description of the land, and neither a survey or any title documents are attached to the Complaint as required by O.C.G.A. §§ 23-3-62. Plaintiff's Complaint therefore stands as an action to enjoin the foreclosure or in the

alternative to seek monetary damages; and Plaintiff's erroneous inclusion of the Property in the case caption should be ignored. [Exhibit A at p. 1].

9. The Complaint seeks relief against GMAC only and not the Property. Accordingly, even if the Complaint is read to name the Property as a party defendant, it is nothing more than a nominal or formal party to this action, and the Court must disregard nominal or formal parties and rest jurisdiction only upon the citizenship of real parties to the controversy. Navarro Savings Ass'n v. Lee, 446 U.S. 458, 461 (1980).  Only the citizenship of properly joined parties need be considered for diversity purposes. Lincoln Prop. Co. v. Roche, 546 U.S. 81, 83-84 (2005).

10. In addition to complete diversity of citizenship between the parties, 28 U.S.C. § 1332 also requires that the amount in controversy exceed $75,000.00, exclusive of interest and costs.

11. Plaintiff seeks title free and clear to the Property or, in the alternative, damages. [Complaint, ¶ 6 and *ad damnum* ¶¶ 1-4, Exhibit A at pp. 1-2].

12. The value of the property determines the financial value at stake. See, e.g., Roper v. Saxon Mortgage Services, Inc., 2009 WL 1259193 (N.D. Ga. 2009) (citing Waller v. Professional Ins. Corp., 296 F.2d 545, 547 (5th Cir. 1961) (holding that, "when the validity of a contract or a right to property is called into question in its entirety, the value of the property controls the amount in

controversy.")).

13. The Security Deed on the Property is in the amount of $83,700.00, which exceeds the $75,000.00 amount in controversy requirement.

14. This Court therefore has jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the Plaintiff and properly joined Defendant are citizens of different states, and the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

15. A Removal Notice together with a copy of this Notice shall be filed with the Clerk of the Superior Court of Cobb County, Georgia, and shall be served on Plaintiff.

**WHEREFORE,** Defendant GMAC hereby petitions to remove this case from the Superior Court of Cobb County to this Court pursuant to 28 U.S.C. § 1441.

This 6th day of February, 2012.

/s/ Teah N. Glenn
A. William Loeffler
Georgia Bar No. 755699
bill.loeffler@troutmansanders.com
Teah N. Glenn
Georgia Bar No. 430412
teah.glenn@troutmansanders.com

Troutman Sanders LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA 30308-2216
(404) 885-3000
(404) 885-3900 (fax)

Counsel for Defendant
GMAC Mortgage, LLC

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the within and foregoing using the Court's ECF system and that I served a copy of same via United States mail, with adequate first-class postage affixed thereto, addressed as follows:

Brian J. Willever, *pro se*
P.O. Box 2107
Acworth, GA 30102

This 6th day of February, 2012.

*/s/ Teah N. Glenn*
Teah N. Glenn
