IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

BRIAN J. WILLEVER (AS TRUSTEE)   )
                                     )
     Plaintiff,                 )
                                     )     CIVIL ACTION FILE
v.                               )
                                   )     NO. 1:12-cv-00386-SCJ
GMAC MORTGAGE, LLC          )
D/B/A DITECH,               )
                                   )
     Defendant.               )

**DEFENDANT GMAC MORTGAGE, LLC'S ANSWER TO PLAINTIFF'S
APPLICATION FOR TEMPORARY RESTRAINING ORDER AND
COMPLAINT FOR WRONGFUL FORECLOSURE,
<u>QUIET TITLE, AND/OR EXPENSES OF ACTION</u>**

Defendant GMAC Mortgage, LLC, misnamed and misidentified in

Plaintiff's Complaint as GMAC Mortgage, LLC d/b/a Ditech ("GMAC" or

"Defendant"), without waiving and instead specifically preserving its defenses,

including lack of personal jurisdiction and insufficiency of process and service of

process, files its Answer to Plaintiff's Application for Temporary Restraining

Order and Complaint for Wrongful Foreclosure, Quiet Title, and/or Expenses of

Action ("Plaintiff's Complaint") as follows:

**<u>FIRST DEFENSE</u>**

Defendant denies the allegations in the preliminary, unnumbered paragraphs

of Plaintiff's Complaint.

Defendant responds to the separately numbered paragraphs of Plaintiff's Complaint as follows:

1.    Defendant denies the allegations in Paragraph 1 of Plaintiff's Complaint.

2.    Defendant denies the allegations in Paragraph 2 of Plaintiff's Complaint.

3.    Defendant denies the allegations in Paragraph 3 of Plaintiff's Complaint.

4.    Defendant denies the allegations in Paragraph 4 of Plaintiff's Complaint.

5.    Defendant denies the allegations in Paragraph 5 of Plaintiff's Complaint.

6.    Defendant denies the allegations in Paragraph 6 of Plaintiff's Complaint.

7.    Defendant denies the allegations in Paragraph 7 of Plaintiff's Complaint.

8.    Defendant denies the allegations in Paragraph 8 of Plaintiff's Complaint.

9.    Defendant denies the allegations in Paragraph 9 of Plaintiff's Complaint.

10.     Defendant denies the allegations in Paragraph 10 of Plaintiff's Complaint.

11.     Defendant denies the allegations in Paragraph 11 of Plaintiff's Complaint.

Defendant denies the allegations in Paragraphs 1-4 of Plaintiff's prayer for relief and any allegations, whether express or implied, contained in Plaintiff's Complaint not heretofore specifically admitted or otherwise responded to in this Answer; and Defendants deny that they are liable to Plaintiff in any amount under any theory of recovery or cause of action or that Plaintiff is entitled to any remedy or relief in this action.

Further, Plaintiff's Complaint contains three pages of case citations with no explanation of the holdings or purported relevance of these cases.  These citations contain no factual allegations and do not relate to Defendant.  Therefore, no response is warranted.  To the extent a response is required, Defendant denies the allegations in the unnumbered paragraphs under the heading "Citing Cases" in Plaintiff's Complaint.

## SECOND DEFENSE

Process is insufficient and service is ineffective.

## THIRD DEFENSE

Plaintiff's Complaint fails to state a claim for which relief can be granted.

2348262v2

## FOURTH DEFENSE

Plaintiff's claims are barred by the doctrines of waiver, ratification, unclean hands, and/or estoppel.

## FIFTH DEFENSE

Plaintiff's claims are barred by the applicable statute(s) of limitations and/or the doctrine of laches.

## SIXTH DEFENSE

Plaintiff's claims are barred or diminished by Defendant's rights of setoff, recoupment, and/or restitution.

## SEVENTH DEFENSE

Plaintiff's claims are barred or diminished by Plaintiff's contributory and/or comparative negligence.

## EIGHTH DEFENSE

Plaintiff's claims, including any claims for injunctive or other equitable relief, are barred based on Plaintiff's failure to tender amounts admittedly owed under the loan.

## NINTH DEFENSE

Plaintiff's claims are barred or diminished to the extent Plaintiff failed to mitigate his alleged damages.

2348262v2

## TENTH DEFENSE

Plaintiff's claims are barred by the statute of frauds and/or the parol evidence rule.

## ELEVENTH DEFENSE

Plaintiff's claims for equitable or quasi-equitable relief are barred because of the existence of an adequate remedy at law, and Plaintiff is not at risk of suffering any irreparable harm.

## TWELFTH DEFENSE

Plaintiff's claims for breach of contract are barred by Plaintiff's failure of performance, and by his material and substantial breaches, of his contractual obligations.

## THIRTEENTH DEFENSE

Plaintiff's claims are barred by his failure to join necessary and indispensible parties.

## FOURTEENTH DEFENSE

Plaintiff's claims are barred because they arise exclusively from the conduct, negligence, omissions, and/or intentional wrongdoing of others beyond the control of Defendant.

## FIFTEENTH DEFENSE

Plaintiff's quiet title claim is barred for failure to comply with the pleading

requirements for such an action.

Defendant reserves the right to assert any additional affirmative defenses and matters in avoidance which may be disclosed during the course of additional investigation and discovery.

WHEREFORE, Defendant respectfully requests that the Court grant it the following relief:

(a)    that the Court enter judgment in favor of Defendant and against Plaintiff on all causes of action contained in Plaintiff's Complaint, and that Plaintiff's Complaint be dismissed  with prejudice;

(b)    that the costs of this action be cast upon Plaintiff and that Defendant recover from Plaintiff its litigation costs and expenses, including reasonable attorney's fees; and

(c)    that this Court grant Defendant such other and further relief as it deems just, equitable and proper.

This 8th day of February, 2012.

<div style="margin-left:40%">

  /s/ Teah N. Glenn                                    
A. William Loeffler
Georgia Bar No. 755699
*bill.loeffler@troutmansanders.com*
Teah N. Glenn
Georgia Bar No. 430412
*teah.glenn@troutmansanders.com*

Counsel for Defendant
GMAC Mortgage, LLC

</div>

TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3000
(404) 885-3900 (fax)

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that I have this date filed the within and foregoing using the

Court's ECF system and that I have also served a copy of same via United States mail,

with adequate first-class postage affixed thereto, addressed as follows:

Brian J. Willever, *pro se*
P.O. Box 2107
Acworth, GA 30102

This 8th day of February, 2012.


 */s/ Teah N. Glenn*                        
Teah N. Glenn
Georgia Bar No. 430412

-8-