IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| BRIAN J. WILLEVER (AS TRUSTEE)  )<br>  )<br>  Plaintiff,  )<br>  )<br>v.  )<br>  )<br>GMAC MORTGAGE, LLC  )<br>D/B/A DITECH,  )<br>  )<br>  Defendant.  )  | CIVIL ACTION FILE<br><br>NO. 1:12-cv-00386-SCJ |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S APPLICATION FOR TEMPORARY RESTRAINING ORDER

Defendant GMAC Mortgage, LLC, misnamed and misidentified in Plaintiff's Complaint as GMAC Mortgage, LLC d/b/a Ditech ("GMAC" or "Defendant"), without waiving and instead specifically preserving its defenses, including lack of personal jurisdiction and insufficiency of process and service of process, and pursuant to the Court's scheduling order entered February 8, 2012 [ECF Doc. No. 5], files this Response in Opposition to Plaintiff's Motion for Temporary Restraining Order [ECF Doc. No. 2], showing the Court as follows:

### FACTUAL BACKGROUND

On October 22, 1998, Frederick Krautwurst ("Krautwurst") obtained a mortgage loan from Atlantic States Bank ("Atlantic") in the amount of $83,700.00

(the "Loan"). To secure the indebtedness, Krautwurst executed a security deed in favor of Atlantic (the "Security Deed"), conveying a first-priority security interest in the real property located at 2855 Betula Drive, Austell, Cobb County, Georgia 30106 (the "Property"). The Security Deed has been assigned to GMAC.

Krautwurst defaulted on the Loan in November, 2011, and the account is now in default for November, 2011 and all subsequent payments; however, the account has not been referred to foreclosure counsel. In October of 2011, Plaintiff began attempting to communicate with GMAC on behalf of Krautwurst, questioning the validity of the debt and requesting voluminous amounts of documents not required to be produced under the Fair Debt Collection Practices Act, 15 U.S.C. § 1601 *et seq.*, or the Real Estate Settlement Procedures Act, 12 U.S.C. § 2601 *et seq*.

On January 11, 2012, Plaintiff initiated this action in the Superior Court of Cobb County, Georgia with the filing of an "Application for Temporary Restraining Order and Complaint for Wrongful Foreclosure, Quiet Title, and/or Expenses of Action" (the "Complaint"). In addition to damages and other equitable relief, Plaintiff's Complaint seeks an injunction regarding "future foreclosure proceeding until the issues subject to this lawsuit are resolved." [Complaint at Prayer for Relief, p. 2, ¶¶ 1-3.] GMAC has not been served with a

Summons or Complaint. On February 6, 2012, GMAC timely removed this action to this Court [Notice of Removal, ECF Doc. No. 1], and Plaintiff's Complaint was filed on the docket as a Motion for Temporary Restraining Order ("Plaintiff's Motion"), which appears to be an exact copy of Plaintiff's Complaint. [ECF Doc. No. 2] On February 8, 2012, this Court entered an order requiring GMAC to file a response brief to Plaintiff's Motion by February 15, 2012. [Order, ECF Doc. No. 6.]

## ARGUMENT AND CITATION OF AUTHORITY

**I.    Plaintiff Lacks Standing and Is Not Entitled to Equitable Relief Because He Has Failed To Tender the Amounts Due Under the Loan.**

As a threshold matter, Plaintiff lacks standing to bring an action for equitable relief concerning the Property because he has failed to tender the amounts due under the Loan. It is long-settled Georgia law that a borrower is not entitled to equitable relief related to a foreclosure sale unless he shows that he tendered to the creditor the amount admittedly due under his loan.[1] See, e.g., Coile v. Finance Co. of America, 221 Ga. 584, 585 (1965) ("Before one who has given a

---

[1] This principle derives from the "unclean hands" doctrine. See O.C.G.A. § 23-1-10 ("He who would have equity must do equity and must give effect to all equitable rights of the other party respecting the subject matter of the action."); Taylor, Bean, 276 Ga. at 850 ("This maxim has been described as a favorite maxim of equity, as well as one of its oldest, and it applies to all types of cases.")

deed to secure his debt can have set aside in equity a sale by the creditor in exercise of the power conferred by the deed, …he must pay or tender to the creditor the amount of principal and interest due."); <u>Harpe v. Stone</u>, 212 Ga. 341, 342 (1956) (dismissing action to set aside deeds under power of sale because plaintiff did not pay or tender amounts due, regardless of whether foreclosure sale was unlawful); <u>Hill v. Filsoof</u>, 274 Ga. App. 474, 475-76 (2005) (affirming dismissal of borrower's action to set aside allegedly wrongful foreclosure because he "did not tender payment of the debt owed under the note secured by the [subject] Property, which was a prerequisite to [plaintiff's] action to set aside the foreclosure sale."); <u>see</u> <u>also</u> <u>Taylor, Bean, & Whitaker Mtg. Corp. v. Brown</u>, 276 Ga. 848, 850 (2003) ("a plaintiff may not use equity to obtain the cancellation of a security deed or promissory note if the plaintiff has not paid the note or tendered payment of the note");<u>R.R.R. Limited Partnership v. Recreational Services, Inc.</u>, 264 Ga. 494, 497  (1994) (reversing injunction of foreclosure sale because plaintiff had neither paid nor tendered balance due on debt); <u>Mickel v. Pickett</u>, 241 Ga. 528 (1978) ("A borrower who has executed a [security deed] is not entitled to enjoin a foreclosure sale unless he first pays or tenders to the lender the amount admittedly due.") (citations omitted).

Plaintiff does not dispute that the mortgage loan on the Property is in default. Rather, Plaintiff merely questions "whether the lender still possesses the original debt instrument." [Complaint at p. 1, ¶ 7.] By bringing an action to enjoin a foreclosure without alleging that the loan is current, Plaintiff essentially admits that the loan is in default, which is in fact the case. Plaintiff has neither pled nor proffered evidence that he has tendered the amounts due under the Loan. Therefore, Plaintiff is barred from seeking equitable relief of any kind concerning the Property.

## II. Plaintiff Fails To Demonstrate the Required Elements Authorizing Injunctive Relief.

A district court may grant injunctive relief only if the moving party shows that: (1) he is substantially likely to succeed on the merits; (2) he will suffer irreparable injury unless the injunction issues; (3) "the threatened injury to the movant outweighs whatever damage the proposed injunction may cause the opposing party"; and (4) the injunction would not be adverse to the public interest. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000). In this Circuit, "[a] preliminary injunction is an extraordinary and drastic remedy not to be granted unless the movant *clearly established* the 'burden of persuasion'" as to each of the four prerequisites (emphasis added) (internal citation omitted). Id.; see also Texas v. Seatrain Int'l, S.A., 518 F.2d 175, 179 (5th Cir. 1975) (grant of preliminary

injunction "is the exception rather than the rule," and plaintiff must clearly carry the burden of persuasion).[2]

Plaintiff's Motion fails to clearly establish the burden of persuasion as to any of the elements required for an injunction to issue against GMAC. First, Plaintiff's Complaint fails to state a claim for which relief can be granted. Necessarily, then, Plaintiff has not shown that he is likely to succeed on the merits. The gravamen of Plaintiff's Complaint is a classic "show me the note" argument, which this Court has repeatedly rejected as wholly unsupported by Georgia law. See, e.g., Watkins v. Beneficial, HSBC Mortgage, 2010 U.S. Dist. LEXIS 112857, *15 (N.D. Ga. Sept. 1, 2010) (dismissing plaintiff's "produce the note" claim, noting that "[i]n fact, nothing in Georgia law requires a lender commencing foreclosure proceedings to produce the original note."), *order adopting R&R,* 2010 U.S. Dist. LEXIS 112848 (N.D. Ga. Oct. 21, 2010); Webb v. Suntrust Mortgage, Inc., 2010 U.S. Dist. LEXIS 75443, *5-6 n.5 (N.D. Ga. July 1, 2010) (rejecting plaintiffs' "produce the note" argument and dismissing case), *order adopting R&R*, 2010 U.S. Dist. LEXIS 75432 (N.D. Ga. July 23, 2010); Allen v. BAC Home Loans Serv. LP, 2010 U.S. Dist. LEXIS 107232, *4, 5 n.2 (M.D. Ga. Oct. 7, 2010) (dismissing

---

[2] The Eleventh Circuit, in Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*), adopted as precedent decisions of the former Fifth Circuit rendered prior to October 1, 1981.

plaintiff's "utterly frivolous" claim based on his "demands to inspect the original note as well as the check issue [sic] to the closing attorney"). Other states are in accord.[3]

Plaintiff also alleges that GMAC has made a "misrepresentation of title" and that he was "not served notice pursuant to O.C.G.A. § 44-14-162 *et seq.*" Plaintiff fails to identify any representation concerning title or the reason that Plaintiff deems such representation to have been inaccurate. Plaintiff is a stranger to the Loan transaction and has no relationship with GMAC. Accordingly, GMAC has

---

[3] See, e.g., Mansour v. Cal-Western Reconveyance Corp., 618 F. Supp. 2d 1178 (D. Ariz. 2009) (dismissing plaintiff's claims based on allegation that defendants lacked standing to foreclose since they did not produce original note); Diessner v. MERS, 618 F. Supp. 2d 1184 (D. Ariz. 2009) (Arizona's non-judicial foreclosure statute does not require presentation of original note before commencing foreclosure); Dumont v. HSBC Mortg. Corp., USA, 2010 U.S. Dist. LEXIS 77805, *9, 12 n.3 (D. Ariz. July 30, 2010) (rejecting plaintiffs' argument that defendants were required to produce original note or other entitlement to exercise power of non-judicial foreclosure and dismissing complaint); Putkkuri v. Recontrust Co., 2009 U.S. Dist. LEXIS 32, *6 (S.D. Cal. Jan. 5, 2009) ("Production of the original note is not required to proceed with a non-judicial foreclosure"); Candelo v. NDEX West, LLC, 2008 U.S. Dist. LEXIS 105926, *12 (E.D. Cal. Dec. 23, 2008) (holding that no requirement exists to produce the original note to initiate non-judicial foreclosure); San Diego Home Solutions, Inc. v. Recontrust Co., 2008 U.S. Dist. LEXIS 99684, *5 (S.D. Cal. Dec. 10, 2008) ("California law does not require that the original note be in the possession of the party initiating non-judicial foreclosure . . . Plaintiff's allegation about the possession of the original note is without merit and must be dismissed."); Ernestberg v. Mortgage Investors Group, 2009 U.S. Dist. LEXIS 4560, at *5 (D. Nev. Jan. 22, 2009); Wayne v. HomEq Servicing, Inc., 2008 U.S. Dist. LEXIS 83324, at *3 (D. Nev. Oct. 16, 2008).

made no representations concerning title of any kind.  Further, any claim based on a faulty foreclosure notice is irrelevant, as the Property has not been referred to foreclosure and no foreclosure is currently scheduled.  As GMAC should not be forced to hazard a guess concerning the basis of Plaintiff's alleged claims, his Complaint is subject to dismissal and therefore its contents should not form the basis for a temporary restraining order.

Second, Plaintiff fails to demonstrate that he will suffer irreparable harm if the injunction does not issue.  Again, as set forth supra, GMAC has not initiated foreclosure proceedings against the Property.  Without a pending foreclosure, there can be no imminent harm to enjoin, and Plaintiff's Motion is not ripe.  This lack of irreparable harm to Plaintiff is intertwined with the third element necessary for the issuance of a temporary injunction – the balancing of harms to the parties.  While Plaintiff has failed to demonstrate that he is in danger of any harm from GMAC, an injunction against foreclosing the Property would result in direct harm to GMAC.  GMAC holds the Security Deed to the Property, which by its express terms grants a power of sale to exercise upon Krautwurst's default.  Krautwurst's account is in default, and GMAC should have its contractually granted option to exercise the power of sale.  Prohibiting GMAC from exercising its rights would result in

substantial injustice that is unwarranted given Plaintiff's inability to state a claim against GMAC.

Lastly, the public interest weighs heavily against issuance of an injunction. Again, Plaintiff is a stranger to the Loan and to GMAC, and his actions appear to be part of a fraudulent foreclosure-avoidance or foreclosure-rescue scheme designed to frustrate GMAC's efforts to enforce its rights in the Property. Plaintiff has come into this Court without proper proof of his standing to seek the requested relief and is instead seeking to abuse the judicial process for his own private gain. Granting Plaintiff's Motion would reward irresponsible and dishonest conduct and encourage such behavior by similarly-motivated plaintiffs. This Court should not employ its considerable equitable powers to reinforce such behavior. Accordingly, Plaintiff's Motion should be denied.

## III.  Plaintiff Should Be Required To Post a Bond in the Amount of $67,588.16.

In the event that this Court grants Plaintiff's Motion, Plaintiff's bond should be set at $67,588.16, which represents the total current indebtedness under the subject Loan. In fixing the amount of an injunction bond, district courts should be guided by the purpose underlying FRCP 65(c), which is to provide a mechanism for reimbursing the enjoined party for the harm it suffers as result of an improvidently issued injunction or restraining order; consequently, the amount of

the bond ordinarily depends on the gravity of the potential harm to the enjoined party.  <u>Hoechst Diafoil Co. v Nan Ya Plastics Corp.</u>, 174 F.3d 411, 421 (4th Cir. 1999).  When setting an amount of security, district courts should err on the high side. <u>Mead Johnson & Co. v Abbott Lab.</u>, 201 F.3d 883 (7th Cir. 2000), *rehearing en banc denied* (7th Cir. 2000), 209 F.3d 1032, *and cert. denied*, 531 U.S 917 (2000).

     As demonstrated above, GMAC is the holder of a contractually-granted power of sale, which GMAC has the right to exercise upon Krautwurst's default under the Security Deed.  This power of sale constitutes security for the Loan, which figured heavily into the consideration for the original mortgage transaction.  To enjoin the exercise of this right, even temporarily, would be to alter the terms of the parties' bargain and to put GMAC at a severe financial disadvantage in recovering on the Loan.  Further, given Plaintiff's apparent fraudulent intentions and unsubstantiated claims to the Property, GMAC's security for the Loan appears to be in even greater danger than GMAC previously realized.  If GMAC decided to foreclose, then it would be entitled either to sell the Property to a third party or take it back at the foreclosure sale in order to reduce the Loan balance.  Plaintiff should therefore be required to post a bond equivalent to current Loan balance in order to

compensate GMAC for the inability to enforce its security interest in satisfaction of Krautwurst's indebtedness.

## **CONCLUSION**

For the foregoing reasons, GMAC respectfully request that this Court enter an order denying Plaintiff's Motion for Temporary Restraining Order.

This 15th day of February, 2012.

                                            */s/ Teah N. Glenn*
                                            A. William Loeffler
                                            Georgia Bar No. 755699
                                            *bill.loeffler@troutmansanders.com*
                                            Teah N. Glenn
                                            Georgia Bar No. 430412
                                            *teah.glenn@troutmansanders.com*

                                            Counsel for Defendant
                                            GMAC Mortgage, LLC

TROUTMAN SANDERS, LLP
600 Peachtree Street, N.E., Suite 5200
Atlanta, GA  30308-2216
(404) 885-3000
(404) 885-3900 (fax)

## CERTIFICATE OF SERVICE

This is to certify that I have this date filed the within and foregoing using the Court's ECF system and that I have also served a copy of same via United States mail, with adequate first-class postage affixed thereto, addressed as follows:

Brian J. Willever, *pro se*
P.O. Box 2107
Acworth, GA 30102

This 15th day of February, 2012.

                                                 */s/ Teah N. Glenn*
                                                 Teah N. Glenn
                                                 Georgia Bar No. 430412